UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| | |
|---|---|
| 21ST CENTURY CENTENNIAL INSURANCE COMPANY, *et al.*, | Case No. 6:24-cv-00089-MK (Lead Case) |
| Plaintiffs, | |
| v. | |
| BONNEVILLE POWER ADMINISTRATION, *et al.*, | |
| Defendants, | |
| ROBERT ADAMS, *et al.*, | Case No. 6:24-cv-00092-MK (Trailing Case) |
| Plaintiffs, | |
| v. | |
| BONNEVILLE POWER ADMINISTRATION, *et al.* | |
| Defendants, | |
| KEVIN ALLARD, *et al.* | Case No. 6:24-cv-00203-MK (Trailing Case) |
| Plaintiffs, | **FINDINGS AND RECOMMENDATION** |
| v. | |
| BONNEVILLE POWER ADMINISTRATION, *et al.* | |
| Defendants. | |

**KASUBHAI,** United States Magistrate Judge:

Page 1 — FINDINGS AND RECOMMENDATION

Before the Court is Defendant Eugene Water & Electric Board's ("EWEB") Partial Motion to Dismiss First Amended Complaint ("Def. EWEB's Mot."). ECF No. 75. For the reasons explained below, Defendant EWEB's Motion should be GRANTED.

## BACKGROUND

This lawsuit arises from the Holiday Farm Fire, which struck the McKenzie River Valley during Labor Day weekend in 2020. Plaintiffs initially sued EWEB and Lane Electric Cooperative ("LEC") in Lane County Circuit Court in 2021 and 2022. After nearly three years of litigation in state court, Plaintiffs wanted to add a third defendant, federal agency Bonneville Power Administration ("BPA"). However, Plaintiffs could not add BPA in state court and did not want to proceed with parallel state and federal cases against different defendants in two different venues. Instead, Plaintiffs wanted to dismiss the state claims and refile them in federal court so all defendants could be added in one proceeding. However, Plaintiffs faced a statute of limitations issue. Any claims refiled in federal court would not relate back to the original state court filing. Before dismissing the state law claims, Plaintiffs asked EWEB and LEC to agree not to raise a statute of limitations defense based on the time between the filing of the state and federal complaints. EWEB and LEC ultimately entered into a stipulated agreement which, among other things, stated that the relation-back agreement would apply only to the prior claims filed in state court. EWEB and LEC reserved the right to assert a statute of limitations defense against any new claims.

On January 16, 2024, Plaintiffs filed their Complaint in federal court. ECF No. 1. On April 30, 2024, the Court granted Defendant EWEB's Unopposed Motion to Consolidate Cases. ECF No 62. Case No. 6:24-cv-00089-MK *21st Century Centennial Insurance Co. et al v. Bonneville Power Administration et al* was designated the lead case and was consolidated

with trailing Case No. 6:24-cv-00092-MK *Adams et al v. Bonneville Power Administration et al* ("*Adams*"), and Case No. 6:24-cv-203-MK *Allard et al v. Bonneville Power Administration et al* for the purposes of pretrial motions and discovery only. *Id.*

On June 20, 2024, the *Adams* Plaintiffs filed a First Amended Complaint ("FAC") which reasserted (from the original *federal* Complaint) a fourth cause of action against Defendant EWEB for negligence per se. First Amen. Compl. ¶¶ 1690-98, *Adams* ECF No. 41. The prior state court case, however, did not include a negligence per se claim against Defendant EWEB. On July 17, 2024, Defendant EWEB moved to dismiss, asserting that the *Adams* Plaintiffs' fourth cause of action was not subject to the parties' relation back agreement and was time barred. Def. EWEB's Mot. at 2.

Defendant EWEB's conferral certification under Local Rule 7-1 stated that Plaintiffs opposed the Motion. *Id.* at 1. However, Plaintiffs failed to file a Response in opposition. On August 12, 2024 Defendant EWEB's counsel, Ms. Abercrombie, emailed the Court to notify it that "counsel for plaintiffs (Mr. Klingbeil, copied here) let me know that they no longer oppose the motion and will be filing an amended complaint later this week dropping [the negligence per se] claim.  In the meantime, Mr. Klingbeil and I wanted to alert court staff that this motion has been resolved." On August 14, 2024, the Court issued an Order, stating that "[p]ursuant to the parties' e-mail communication with the Court that Plaintiffs plan on filing a motion to amend the Complaint, the Court Orders Plaintiffs to file an Amended Complaint within 14 days. Failure to file an Amended Complaint consistent with the parties' stipulations regarding re-filing in federal court will result in the Court granting Defendant EWEB's Motion . . . ." ECF No. 95. Plaintiffs failed to file a second amended complaint.

/ / /

Page 3 — FINDINGS AND RECOMMENDATION

## LEGAL STANDARD

Under Fed. R. Civ. P. 12(b)(6), a motion to dismiss for failure to state a claim may be granted only when there is no cognizable legal theory to support the claim or when the complaint lacks sufficient factual allegations to state a facially plausible claim for relief. *Los Angeles Lakers, Inc. v. Federal Insurance Company*, 869 F.3d 795, 800 (9th Cir. 2017). "A motion to dismiss based on the running of the statute of limitations period may be granted only 'if the assertions of the complaint, read with the required liberality, would not permit the plaintiff to prove that the statute was tolled.'" *Supermail Cargo, Inc. v. United States*, 68 F.3d 1204, 1206 (9th Cir. 1995) (quoting *Jablon v. Dean Witter & Co.,* 614 F.2d 677, 682 (9th Cir.1980) (affirming 12(b)(6) dismissal where the plaintiff's allegations showed that she had notice of the facts giving rise to the cause of action more than two years before filing the complaint)).

## DISCUSSION

Defendant EWEB is a public utility and any tort claims asserted against it are subject to the provisions of the Oregon Tort Claims Act ("OTCA"), including its statute of limitations. Or. Rev. Stats § ("ORS") 30.260(4); ORS 30.265(1). The applicable statute of limitations governing state law tort claims against Defendant EWEB is two years from the date of injury or loss. ORS 30.275(9) ("[A]n action arising from any act or omission of a public body or an officer, employee or agent of a public body within the scope or ORS 30.260 to 30.300 shall be commenced within two years after the alleged loss or injury."). Plaintiffs seek recovery of damages caused by the Holiday Farm Fire that began on September 7, 2020. FAC ¶ 1. Plaintiffs filed this action in federal court on July 17, 2024. Plaintiffs' negligence per se against Defendant EWEB was not subject to the stipulated agreement regarding relation back to the dismissed state court case. Plaintiffs' claim for negligence per se against Defendant EWEB is barred by the two-year statute of limitations and should be dismissed.

## CONCLUSION

For the reasons above, Defendant EWEB's Motion to Dismiss (ECF No. 75) the *Adams* Plaintiffs' Fourth Cause of Action, negligence per se against Defendant EWEB, should be GRANTED.

This recommendation is not an order that is immediately appealable to the Ninth Circuit Court of Appeals. Any notice of appeal pursuant to Federal Rule of Appellate Procedure 4(a)(1) should not be filed until entry of the district court's judgment or appealable order. The Findings and Recommendation will be referred to a district judge. Objections to this Findings and Recommendation, if any, are due fourteen (14) days from today's date. *See* Fed. R. Civ. P. 72. Failure to file objections within the specified time may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

DATED this 17th day of September 2024.

s/ Mustafa T. Kasubhai<br>
MUSTAFA T. KASUBHAI (He / Him)<br>
United States Magistrate Judge