G. Kevin Kiely, OSB No. 833950
gkkiely@cablehuston.com
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
Brian S. Epley, OSB No. 204790
bepley@cablehuston.com
CABLE HUSTON LLP
1455 SW Broadway, Suite 1500
Portland, OR  97201
(503) 224-3092

*Attorneys for Defendant Eugene Water & Electric Board*

UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

EUGENE DIVISION

| 21st CENTURY CENTENNIAL INSURANCE COMPANY et al., <br><br> Plaintiffs, <br><br> v. <br><br> UNITED STATES OF AMERICA et al, <br><br> Defendants. | Case No. 6:24-cv-00089-MTK (Lead case) <br> Case No. 6:24-cv-00092-MTK (Trailing Case) <br> Case No. 6:24-cv-00203-MTK (Trailing Case) <br> Case No. 6:24-cv-01152-MTK (Trailing Case) <br> Case No. 6:25-cv-00554-MTK (Trailing Case) <br><br> **DECLARATION OF JON W. MONSON IN SUPPORT OF DEFENDANT EUGENE WATER AND ELECTRIC BOARD'S RESPONSE IN OPPOSITION TO USA'S MOTION FOR PROTECTIVE ORDER, AND REQUEST FOR AWARD OF ATTORNEYS' FEES AND COSTS** |
| --- | --- |

PAGE 1 – DECLARATION OF JON W. MONSON

I, Jon W. Monson, being duly sworn, hereby declare:

1.      I represent Defendant Eugene Water & Electric Board ("EWEB") in this case.  I am over the age of 18 and a member in good standing of the Oregon State Bar.  I make this declaration in support of Eugene Water & Electric Board's Response in Opposition to Defendant United States' Motion for Protective Order.  I have personal knowledge of the matters set forth herein and, if called upon to do so, could testify competently to their truth.

2.      As discussed in more detail in my declaration accompanying EWEB's Motion to Compel USFS discovery (ECF 182), EWEB has repeatedly requested and conferred with USA's counsel about depositions of three USFS witnesses (Scott McInyre, Dan Osborne, and Dirk Rogers) dating back to May 2025.  After informally requesting these depositions, EWEB did not serve formal deposition notices because USA's counsel agreed to make the three witnesses available and stated that he simply needed to confirm witness availability for specific dates.  As a professional courtesy, EWEB held off on issuing formal deposition notices until we finalized agreeable dates for the depositions.

3.      On September 15, 2025, Defendant USA's counsel, Benjamin Hickman, submitted an email to the Court in response to EWEB's informal request for an order compelling USFS merits discovery.  In that email, among other things, USA argued that there was no obligation to make the USFS witnesses available for depositions because "EWEB has never served notices of deposition."  A true and correct copy of that email is attached as Exhibit A.

4.      On October 8, 2025, I appeared on EWEB's behalf at a hearing on USA's motion to dismiss and various discovery matters.  During a discussion at the end of the hearing about USFS merits discovery and a briefing schedule on EWEB's motion to compel USFS discovery, I mentioned to the Court and to USA's counsel that EWEB planned to issue deposition notices for the three USFS witnesses in light of USA's comments about a lack of formal deposition notices.

PAGE 2 – DECLARATION OF JON W. MONSON

5.    On October 14, 2025, my office served on Defendant USA notices of depositions for the USFS witnesses.  The notices included placeholder dates for November 12–14, 2025.  *See* ECF 187 at 5–12.

6.    On October 15, 2025, I sent an email to USA's counsel following up on my earlier email requesting conferral on USFS discovery issues.  I stated in that email that we were "happy to discuss alternative dates if needed but, given the government's prior conduct and the court's statements at our hearing last week, our position is that the depositions should take place promptly.  We will plan to proceed on the noticed dates unless we have agreement otherwise." A true and correct copy of my October 15 email is attached as Exhibit B.

7.    USA's counsel initially declined to confer because of the government shutdown. Ultimately, USA's counsel did not agree to confer until October 28, 2025, the day before EWEB's deadline to file its motion to compel and only then because USA wanted to confer on its second motion for a stay due to the government shutdown.  During that conferral call, USA's counsel stated that, while he would have been inclined to allow the depositions to proceed two months ago, considering the Court's comments at the October 8 hearing he could not say whether USA would make USFS witnesses available.

8.    On November 4, 2025, my partner, Nicole Abercrombie, emailed USA's counsel after the Court denied USA's second stay motion.  Ms. Abercrombie asked Mr. Hickman whether USA planned to file a motion for protective order for the depositions scheduled on November 12–14.  Mr. Hickman responded later that day stating that USA intended to move for a protective order.  A true and correct copy of Ms. Abercrombie's email and Mr. Hickman's response is attached as Exhibit C.

9.    On November 6, 2025, my office participated in a videoconference conferral call via Teams with Mr. Hickman and several other counsel for the non-USA parties.  During that conferral call, Mr. Hickman told the non-USA parties that USA would object to the USFS depositions even if there were no government shutdown and even if the Court ultimately grants EWEB's motion to compel USFS discovery.  He also stated that USA will continue resisting any

attempts to obtain USFS discovery (including depositions) no matter what the Court orders, because USA "disagrees" with the Court's prior discovery rulings and "comments" on the scope of the discretionary function exception.  Mr. Hickman explained that USA will continue to object to USFS depositions no matter what the Court orders because it wants to "make a record" to support the eventual mandamus petition USA apparently plans to file after the Court issues its ruling on USA's pending motion to dismiss.  Mr. Hickman also said that he could not file a protective order motion until November 11 because he was busy working on emergency habeas filings in immigration cases.

10.     Following the November 6 conferral call, Mr. Hickman sent an email to counsel for the non-USA parties confirming that he would file a protective order motion and that he was "handling immigration habeas corpus petitions with imminent deadlines, so they take priority over my other cases."  Mr. Hickman stated that he would not be able to file the protective order motion until Tuesday, November 11.  A true and correct copy of Mr. Hickman's email is attached as Exhibit D.

11.     In response to that email, I sent a follow up email later that afternoon confirming that EWEB would not release the deposition notices but that we would cancel the court reporters based on Mr. Hickman's statement that USFS witnesses would not show up for the depositions and that USA would file a motion for protective order on November 11.  I also summarized and confirmed what Mr. Hickman had stated during the November 6 conferral call about USA's position with respect to the USFS depositions.  A true and correct copy of my November 6 email memorializing that conferral call is attached as Exhibit E.

/ / /

/ / /

/ / /

/ / /

/ / /

PAGE 4 – DECLARATION OF JON W. MONSON

12.     Mr. Hickman did not respond to my November 6 email or state at any time thereafter that he disagreed with my description of his position during the conferral call.

DATED November 12, 2025.

CABLE HUSTON LLP

By: s/ Jon W. Monson
G. Kevin Kiely, OSB No. 833950
gkkiely@cablehuston.com
Jon W. Monson, OSB No. 102650
jmonson@cablehuston.com
Nicole M. Swift, OSB No. 141419
nswift@cablehuston.com
Nicole A.W. Abercrombie, OSB No. 144581
nabercrombie@cablehuston.com
Brian S. Epley, OSB No. 204790
bepley@cablehuston.com
1455 SW Broadway, Suite 1500
Portland, OR  97201
Tel: 503-224-3092

*Attorneys for Defendant Eugene Water & Electric Board*

**From:** Hickman, Benjamin (USAOR) <Benjamin.Hickman@usdoj.gov>
**Sent:** Monday, September 15, 2025 3:25 PM
**To:** Brandie Davies <Brandie_Davies@ord.uscourts.gov>; Jon W. Monson <jmonson@cablehuston.com>; ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>
**Cc:** Kevin Kiely <gkkiely@cablehuston.com>; Nikki Swift <nswift@cablehuston.com>; Nikki Abercrombie <nabercrombie@cablehuston.com>; Brian Epley <bepley@cablehuston.com>; Jon P. Harlan <jharlan@cablehuston.com>; Christopher Brennan <cbrennan@blwmlawfirm.com>; Andrew Burns <aburns@cosgravelaw.com>; Bryan Campbell <bcampbell@cozen.com>; Christine Forsline <cforsline@bergerkahn.com>; Joshua Kennedy <jkennedy@cosgravelaw.com>; Susanne Luse <Susanne.Luse@usdoj.gov>; Adam Romney <aromney@ghlaw-llp.com>; Marnie Silver <msilver@clementdrotz.com>; Carson Smith <csmith@ghlaw-llp.com>; Julie Smith <jsmith@cosgravelaw.com>; Paul Stewart <paul.stewart@painehamblen.com>; Brandon Thornburg <bthornburg@cosgravelaw.com>; Diane Wayland <waylandd@stutmanlaw.com>; Rick Klingbeil <rick@klingbeil-law.com>; Brady Mertz <brady@bradymertz.com>; Steve Hill <shill@singletonschreiber.com>; Susan Dussault <sdussault@singletonschreiber.com>; Keith Ramsey <Keith.Ramsey@usdoj.gov>
**Subject:** RE: 21st CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK

Good afternoon, Ms. Davies,

**The United States' Recommendation**

The Court should defer addressing this dispute until the Court determines whether this case will survive the United States' motion to dismiss, the hearing for which is scheduled for October 8. If the case survives, the Court might wish to refer this dispute to a Magistrate Judge to supervise the parties as they work out two issues: cost and communication.

**Cost**

On June 8, Rick Klingbeil, a lawyer for the Adams plaintiffs, send me a list of Boolean search strings that he collected from the non-United States parties, all of whom wrote their own searches. I agreed that the Forest Service would run those searches. The Forest Service collected roughly 2 TB of data—an enormous quantity. That data remains in zipped files, and it could be larger after it is unzipped.

After several conferrals, I perceive that no party wants to pay to store 2 TB or more of data or to pay for an army of people to review it.

This is a scenario in which a Magistrate Judge could help the parties come to a fair resolution, perhaps by cost sharing, labor sharing, or modifying searches.

**Communication**

I also perceive that the non-United States parties are not completely aligned on how they want to deal with this haul of documents. Though Mr. Monson, on behalf of EWEB, wrote the Court about this dispute, I was communicating principally with Mr. Klingbeil about the details of the searches. I thought that Mr. Klingbeil and I had agreed that the U.S. Attorney's Office would give Mr. Klingbeil the entire 2 TB of data on external hard drives and that he would distribute the data to the other parties. It wasn't until a couple weeks later that I heard from EWEB that they wanted the government to refine the searches before producing the data. Since then, Mr. Klingbeil has written me individually asking about the prospect of producing the entire 2 TB to him. The United States, I

14

Exhibit A - Page 1 of 2

believe, should be required to make one production, but the parties lack agreement on what that production should be.

The parties have also had communication issues regarding the depositions of Forest Service employees. EWEB has expressed the desire to depose Forest Service employees since the spring, but EWEB has never served notices of deposition, and the deponents have shifted over time. In his email to the Court, Mr. Monson wrote that second depositions might be necessary after EWEB receives the Forest Service documents. It does not make sense to proceed with depositions when EWEB does not believe it has all the documents it wants to use for the depositions.

These are issues for a which a Magistrate Judge's oversight might be beneficial.

**The United States' Commitment**

Although the United States objected to producing merits discovery until the Court resolves its challenge to subject-matter jurisdiction, the United States has produced merits materials from the Forest Service: a large cache called the "Firebox" and the Forest Service's investigation and report of the origin and cause of the Holiday Farm Fire. Because the Court determined that the Forest Service is a nonparty for purposes of discovery, I could have required the non-United States parties to serve subpoenas for Forest Service discovery, but I elected not to do that.

As the October 8 hearing approaches, I will continue to work with the Forest Service to process the data collected from the parties' Boolean searches. I had hoped that processing would have been done by now, but the Forest Service told me last week that the export failed because of the large quantity. The Forest Service now is exporting the data in smaller chunks.

If the litigation proceeds to a merits phase, the Court can determine a fair resolution to these issues.

Best,
Ben

**Ben Hickman**
AUSA, District of Oregon
Direct (503) 727-1003
Email benjamin.hickman@usdoj.gov

From: Brandie Davies <Brandie_Davies@ord.uscourts.gov>
Sent: Friday, September 12, 2025 4:41 PM
To: Hickman, Benjamin (USAOR) <Benjamin.Hickman@usdoj.gov>; Jon W. Monson <jmonson@cablehuston.com>; ORDml Kasubhai CRD <Kasubhai_CRD@ord.uscourts.gov>
Cc: Kevin Kiely <gkkiely@cablehuston.com>; Nikki Swift <nswift@cablehuston.com>; Nikki Abercrombie <nabercrombie@cablehuston.com>; Brian Epley <bepley@cablehuston.com>; Jon P. Harlan <jharlan@cablehuston.com>; Christopher Brennan <cbrennan@blwmlawfirm.com>; Andrew Burns <aburns@cosgravelaw.com>; Bryan Campbell <bcampbell@cozen.com>; Christine Forsline <cforsline@bergerkahn.com>; Joshua Kennedy <jkennedy@cosgravelaw.com>; Luse, Susanne (USAOR) <Susanne.Luse@usdoj.gov>; Adam Romney <aromney@ghlaw-llp.com>; Marnie Silver <msilver@clementdrotz.com>; Carson Smith <csmith@ghlaw-llp.com>; Julie Smith <jsmith@cosgravelaw.com>; paul.stewart@painehamblen.com; Brandon Thornburg <bthornburg@cosgravelaw.com>; Diane Wayland <waylandd@stutmanlaw.com>; Rick Klingbeil <rick@klingbeil-law.com>; Brady Mertz <brady@bradymertz.com>; Steve Hill <shill@singletonschreiber.com>; Susan Dussault <sdussault@singletonschreiber.com>; Ramsey, Keith (USAOR) <Keith.Ramsey@usdoj.gov>; Luse, Susanne (USAOR) <Susanne.Luse@usdoj.gov>
Subject: [EXTERNAL] RE: 21st CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK

Good afternoon, Attorney Hickman –

Exhibit A - Page 2 of 2

| From: | Jon W. Monson |
|---|---|
| Sent: | Wednesday, October 15, 2025 10:42 AM |
| To: | Hickman, Benjamin (USAOR) |
| Cc: | Kevin Kiely; Nikki Swift; Nikki Abercrombie; Brian Epley; Jon P. Harlan; Christopher Brennan; Andrew Burns; Bryan Campbell; Christine Forsline; Joshua Kennedy; Susanne Luse; Adam Romney; Marnie Silver; Carson Smith; Julie Smith; Paul Stewart; Brandon Thornburg; Diane Wayland; Rick Klingbeil; Brady Mertz; Steve Hill; Susan Dussault; Keith Ramsey; Kevin Kiely; Brian Epley |
| Subject: | RE: 21st CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK |

Sorry, one correction to my email below. The USFS depositions are currently noticed for Nov. 12-14, not Nov. 19-21. Apologies for any confusion.

Jon

**From:** Jon W. Monson
**Sent:** Wednesday, October 15, 2025 10:39 AM
**To:** 'Hickman, Benjamin (USAOR)' <Benjamin.Hickman@usdoj.gov>
**Cc:** Kevin Kiely <gkkiely@cablehuston.com>; Nikki Swift <nswift@cablehuston.com>; Nikki Abercrombie <nabercrombie@cablehuston.com>; Brian Epley <bepley@cablehuston.com>; Jon P. Harlan <jharlan@cablehuston.com>; Christopher Brennan <cbrennan@blwmlawfirm.com>; Andrew Burns <aburns@cosgravelaw.com>; Bryan Campbell <bcampbell@cozen.com>; Christine Forsline <cforsline@bergerkahn.com>; Joshua Kennedy <jkennedy@cosgravelaw.com>; Susanne Luse <Susanne.Luse@usdoj.gov>; Adam Romney <aromney@ghlaw-llp.com>; Marnie Silver <msilver@clementdrotz.com>; Carson Smith <csmith@ghlaw-llp.com>; Julie Smith <jsmith@cosgravelaw.com>; Paul Stewart <paul.stewart@painehamblen.com>; Brandon Thornburg <bthornburg@cosgravelaw.com>; Diane Wayland <waylandd@stutmanlaw.com>; Rick Klingbeil <rick@klingbeil-law.com>; Brady Mertz <brady@bradymertz.com>; Steve Hill <shill@singletonschreiber.com>; Susan Dussault <sdussault@singletonschreiber.com>; Keith Ramsey <Keith.Ramsey@usdoj.gov>; Kevin Kiely <gkkiely@cablehuston.com>; Brian Epley <bepley@cablehuston.com>
**Subject:** RE: 21st CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK

Ben and Susanne,

I am following up on my email below. I understand that one or both of you are furloughed and may not be regularly checking or responding to emails, but I am trying to comply with the Court's order that we confer prior to EWEB's Oct. 29, 2025 court-ordered deadline to file its motion to compel related to USFS discovery. Please let us know if we can get a conferral call scheduled on one of the dates listed below or if there is another date or time that works for you.

Also, you may have seen that yesterday EWEB e-served deposition notices on Defendant USA for the 3 USFS witnesses we previously identified (see attached). The dates listed in those depositions are Nov 19-21. We are happy to discuss alternative dates if needed but, given the government's prior conduct and the court's statements at our hearing last week, our position is that the depositions should take place promptly. We will plan for the depositions to proceed on the noticed dates unless we have agreement otherwise. For now, we noticed the depositions for our offices in downtown Portland. If you

Exhibit B - Page 1 of 2

prefer to have them at your offices, let us know. We thought it might be easier for everyone to do them at our office so we can avoid problems related to security, wifi access, etc.

Ben's bounce-back email indicates that he is furloughed and directs senders to call Susanne if there is something urgent. So we will plan to give it a few more days to see if we get a response to this email and, if not, we will attempt to call Susanne as part of our court-ordered conferral effort.

Thank you.

Best,

**Jon W. Monson**
Partner │ Cable Huston LLP
1455 SW Broadway, Suite 1500 Portland, OR 97201-3412
Phone 503-224-3092
Fax 503-224-3176
Web www.cablehuston.com
Email jmonson@cablehuston.com

This e-mail, and any attachments thereto, is intended only for use by the addressee(s) named herein and may contain legally privileged and/or confidential information. If you are not the intended recipient of this e-mail, you are hereby notified that any dissemination, distribution or copying of this e-mail, and any attachments thereto, is strictly prohibited. If you have received this e-mail in error, please immediately notify the sender at jmonson@cablehuston.com or by phone at (503) 224-3092 and permanently delete the original and any copy of any e-mail and any printout thereof.

**From:** Jon W. Monson
**Sent:** Thursday, October 9, 2025 9:26 AM
**To:** 'Hickman, Benjamin (USAOR)' <Benjamin.Hickman@usdoj.gov>
**Cc:** Kevin Kiely <gkkiely@cablehuston.com>; Nikki Swift <nswift@cablehuston.com>; Nikki Abercrombie <nabercrombie@cablehuston.com>; Brian Epley <bepley@cablehuston.com>; Jon P. Harlan <jharlan@cablehuston.com>; Christopher Brennan <cbrennan@blwmlawfirm.com>; Andrew Burns <aburns@cosgravelaw.com>; Bryan Campbell <bcampbell@cozen.com>; Christine Forsline <cforsline@bergerkahn.com>; Joshua Kennedy <jkennedy@cosgravelaw.com>; Susanne Luse <Susanne.Luse@usdoj.gov>; Adam Romney <aromney@ghlaw-llp.com>; Marnie Silver <msilver@clementdrotz.com>; Carson Smith <csmith@ghlaw-llp.com>; Julie Smith <jsmith@cosgravelaw.com>; Paul Stewart <paul.stewart@painehamblen.com>; Brandon Thornburg <bthornburg@cosgravelaw.com>; Diane Wayland <waylandd@stutmanlaw.com>; Rick Klingbeil <rick@klingbeil-law.com>; Brady Mertz <brady@bradymertz.com>; Steve Hill <shill@singletonschreiber.com>; Susan Dussault <sdussault@singletonschreiber.com>; Keith Ramsey <Keith.Ramsey@usdoj.gov>; Kevin Kiely <gkkiely@cablehuston.com>; Brian Epley <bepley@cablehuston.com>
**Subject:** RE: 21st CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK

Hi Ben,

Per the discussion with Judge Kasubhai yesterday, we need to schedule another conferral call with you to discuss the USFS discovery dispute. We have 21 days from yesterday to get any motion to compel filed, so conferral obviously needs to happen sufficiently in advance of our deadline. I realize, however, that you are still furloughed and may not be able to attend a conferral presently. I'm not sure if you are responding to emails right now, but I'm hoping that we can at least calendar a tentative date and time for conferral now given the various schedules we have to deal with.

Exhibit B - Page 2 of 2

# Jon W. Monson

| | |
|---|---|
| **From:** | Hickman, Benjamin (USAOR) <Benjamin.Hickman@usdoj.gov> |
| **Sent:** | Tuesday, November 4, 2025 5:08 PM |
| **To:** | Nikki Abercrombie; Jon W. Monson |
| **Cc:** | Kevin Kiely; Nikki Swift; Brian Epley; Jon P. Harlan; Christopher Brennan; Andrew Burns; Bryan Campbell; Christine Forsline; Joshua Kennedy; Susanne Luse; Adam Romney; Marnie Silver; Carson Smith; Julie Smith; Paul Stewart; Brandon Thornburg; Diane Wayland; Rick Klingbeil; Brady Mertz; Steve Hill; Susan Dussault; Keith Ramsey; Kevin Kiely; Brian Epley |
| **Subject:** | RE: CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK |

Hi Nikki,

Yes, we intend to move for a protective order. How does Thursday at 11 a.m. work for a conferral?

Best,
Ben

**Ben Hickman**
AUSA, District of Oregon
**Direct** (503) 727-1003
**Email** benjamin.hickman@usdoj.gov

---

**From:** Nikki Abercrombie <nabercrombie@cablehuston.com>
**Sent:** Tuesday, November 4, 2025 12:59 PM
**To:** Hickman, Benjamin (USAOR) <Benjamin.Hickman@usdoj.gov>; Jon W. Monson <jmonson@cablehuston.com>
**Cc:** Kevin Kiely <gkkiely@cablehuston.com>; Nikki Swift <nswift@cablehuston.com>; Brian Epley <bepley@cablehuston.com>; Jon P. Harlan <jharlan@cablehuston.com>; Christopher Brennan <cbrennan@blwmlawfirm.com>; Andrew Burns <aburns@cosgravelaw.com>; Bryan Campbell <bcampbell@cozen.com>; Christine Forsline <cforsline@bergerkahn.com>; Joshua Kennedy <jkennedy@cosgravelaw.com>; Luse, Susanne (USAOR) <Susanne.Luse@usdoj.gov>; Adam Romney <aromney@ghlaw-llp.com>; Marnie Silver <msilver@clementdrotz.com>; Carson Smith <csmith@ghlaw-llp.com>; Julie Smith <jsmith@cosgravelaw.com>; Paul Stewart <paul.stewart@painehamblen.com>; Brandon Thornburg <bthornburg@cosgravelaw.com>; Diane Wayland <waylandd@stutmanlaw.com>; Rick Klingbeil <rick@klingbeil-law.com>; Brady Mertz <brady@bradymertz.com>; Steve Hill <shill@singletonschreiber.com>; Susan Dussault <sdussault@singletonschreiber.com>; Ramsey, Keith (USAOR) <Keith.Ramsey@usdoj.gov>; Kevin Kiely <gkkiely@cablehuston.com>; Brian Epley <bepley@cablehuston.com>
**Subject:** [EXTERNAL] RE: CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK

Hi Ben & Susanne-

Yesterday, the Court denied USA's renewed motion to stay this case due to "pending discovery disputes and motions that require the Court's resolution." As you know, EWEB served deposition notices for Dan Osborn, Dirk Rogers, and Scott McIntyre for November 12-14 (next week). In light of the Court's ruling, do you intend to move for a protective order on those dates, and if so, can we schedule a conferral call tomorrow or Thursday? We need to cancel any court reporting services before Friday to avoid incurring fees.

Thanks,
Nikki

Exhibit C - Page 1 of 1

**Jon W. Monson**

| | |
|---|---|
| **From:** | Hickman, Benjamin (USAOR) <Benjamin.Hickman@usdoj.gov> |
| **Sent:** | Thursday, November 6, 2025 11:37 AM |
| **To:** | Andrew Burns; Adam Romney; Nikki Abercrombie; Jon W. Monson |
| **Cc:** | Kevin Kiely; Nikki Swift; Brian Epley; Jon P. Harlan; Christopher Brennan; Bryan Campbell; Christine Forsline; Joshua Kennedy; Susanne Luse; Marnie Silver; Carson Smith; Julie Smith; Paul Stewart; Brandon Thornburg; Diane Wayland; Rick Klingbeil; Brady Mertz; Steve Hill; Susan Dussault; Keith Ramsey |
| **Subject:** | RE: CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK |

All,

To recap what we discussed: The United States will file a motion protective order. I am handling immigration habeas corpus petitions with imminent deadlines, so they take priority over my other cases. I probably will not be able to file a motion for a protective order until Tuesday. The parties can cancel the court reporters and assume that they do not need to prepare for depositions next week.

Best,
Ben

**Ben Hickman**
AUSA, District of Oregon
**Direct** (503) 727-1003
**Email** benjamin.hickman@usdoj.gov

-----Original Appointment-----
**From:** Hickman, Benjamin (USAOR)
**Sent:** Wednesday, November 5, 2025 3:15 PM
**To:** Andrew T. Burns; Adam Romney; Nikki Abercrombie; Jon W. Monson
**Cc:** Kevin Kiely; Nikki Swift; Brian Epley; Jon P. Harlan; Christopher Brennan; Bryan Campbell; Christine Forsline; Joshua R. Kennedy; Luse, Susanne (USAOR); Marnie Silver; Carson Smith; Julie A. Smith; Paul Stewart; Brandon L. Thornburg; Diane Wayland; Rick Klingbeil; Brady Mertz; Steve Hill; Susan Dussault; Ramsey, Keith (USAOR)
**Subject:** CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK
**When:** Thursday, November 6, 2025 11:00 AM-11:30 AM (UTC-08:00) Pacific Time (US & Canada).
**Where:** Microsoft Teams Meeting

Teams link follows:

# Microsoft Teams Need help?

## Join the meeting now

Meeting ID: 992 222 636 866

Passcode: Xg777Zo6

Exhibit D - Page 1 of 1

| From: | Jon W. Monson |
| --- | --- |
| Sent: | Thursday, November 6, 2025 4:47 PM |
| To: | 'Hickman, Benjamin (USAOR)'; Andrew Burns; Adam Romney; Nikki Abercrombie |
| Cc: | Kevin Kiely; Nikki Swift; Brian Epley; Jon P. Harlan; Christopher Brennan; Bryan Campbell; Christine Forsline; Joshua Kennedy; Susanne Luse; Marnie Silver; Carson Smith; Julie Smith; Paul Stewart; Brandon Thornburg; Diane Wayland; Rick Klingbeil; Brady Mertz; Steve Hill; Susan Dussault; Keith Ramsey |
| Subject: | RE: CENTURY CENTENNIAL INSURANCE COMPANY, et al., Lead Case No. 6:24-cv-00089-MK |

Ben-

To follow up on your email below, I want to confirm the substance of our conferral call earlier today. As we stated during the call, EWEB is not withdrawing its validly-served deposition notices. However, based on your statements today that you and the noticed USFS witnesses will not show up for the depositions, and that you intend to file a protective order motion by Tuesday next week, we are canceling the court reporter and assuming the depositions will not proceed as scheduled. As we discussed, this Friday is our deadline to cancel the reporter without incurring charges.

As we stated today, if your concern about the current deposition notices is the government shutdown and your inability to contact the noticed deponents to participate in a deposition by next week, we are willing to work with you on finding alternate dates to accommodate those concerns. You stated, however, that even if the government were not shut down, Defendant USA would still object to proceeding with the currently-noticed depositions of USFS witnesses. You acknowledged during our call that the court has ordered merits discovery to proceed as to the USFS (see ECF 121), but you stated that Defendant USA disagrees with those rulings and that the federal government is considering options (including a potential mandamus petition) to appeal those rulings and any forthcoming order on Defendant USA's pending DFE motion.

I asked you, as part of conferral, to describe the basis for Defendant USA's forthcoming motion for protective order. You indicated that the motion will argue that Judge Kasubhai's prior comments and rulings about the application of the discretionary function exception and proper scope of merits and jurisdictional discovery are incorrect, and that you feel you need to make a record for a potential mandamus petition.

To be clear, EWEB firmly opposes Defendant USA's position that USFS witnesses are not required to appear for these validly noticed depositions. EWEB also opposes your position that Defendant USA and the USFS can ignore the Court's Oct. 23, 2024 order (ECF 121) ordering USFS to engage in merits discovery simply because it disagrees with Judge Kasubhai's rulings to date. We reserve all rights to seek further relief given the government's position, including additional sanctions and, if necessary, a motion for contempt.

Best,

**Jon W. Monson**
Partner | Cable Huston LLP

Exhibit E - Page 1 of 1